346 So.2d 239 (1977)
Joseph Lee LAVERGNE
v.
WESTERN COMPANY OF NORTH AMERICA, INC., et al.
No. 7950.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1977.
*241 S. Michael Cashio, New Orleans, for plaintiff-appellant.
Watson, Blanche, Wilson & Posner, David W. Robinson, Baton Rouge, for Zigler Shipyards, Inc., and The Fidelity & Cas. Co. of New York, defendants-appellees.
Before GULOTTA, STOULIG and SCHOTT, JJ.
STOULIG, Judge.
This is an appeal from a judgment dismissing as prescribed the products liability claim of Joseph Lavergne, an injured seaman, against a shipbuilder for allegedly designing and constructing a defective barge stairway that caused his injury. Plaintiff was injured September 29, 1971 aboard Barge 1602 while working as an equipment operator for its owner, The Western Company of North America, Inc.
On November 27, 1973, plaintiff filed a damage suit in state court (1) against his employer and its insurer, Highlands Insurance Company, under the Jones Act (46 U.S.C. § 688); and (2) against Zigler Shipyards, Inc., and its insurer, The Fidelity & Casualty Company of New York, under the general maritime law for designing and building the defective shipboard ladder from which he fell.
Plaintiff compromised his Jones Act claim. The defendant shipbuilder pleaded exceptions of improper cumulation of actions, vagueness and prescription. The trial judge dismissed the first two exceptions, and maintained the exception of prescription. Plaintiff has appealed from the judgment dismissing his suit and defendants answered the appeal to reurge their dismissed exceptions in the event we reinstate plaintiff's suit.
The issue before us is whether plaintiff's claim constitutes a maritime tort that may be brought within any reasonable period that does not prejudice the defendants' ability to defend or whether it rests solely on C.C. art. 2315 and must be brought within a year from the date of injury (C.C. art. 3536.).
The Civil Code prescription is undisputedly procedural but the doctrine of laches in maritime law is traditionally substantive. In adjudicating admiralty issues in this case timeliness of filing suit Louisiana courts are bound to apply the more liberal federal doctrine. Our state procedural law must yield to insure that the general maritime law will be uniformly applied throughout the country. See discussion in Sewerage & Water Board of New Orleans v. Sanders, 264 So.2d 270 (La.App. 4th Cir. 1972); writ refused, 262 La. 1157, 266 So.2d 443 (1972).
That Louisiana courts have concurrent jurisdiction with federal courts to adjudicate admiralty claims is beyond dispute. Jackson v. Lykes Bros. Steamship Co., 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488 (1967). See also Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942). These authorities and cases therein cited dispose of appellees' contention that having selected a state court to present an admiralty claim, the plaintiff is bound by state statutes of limitations.
Appellees also argue a products liability suit against a shipbuilder does not fall within the admiralty jurisdiction conferred by 28 U.S.C. § 1333. Rather the "saving to suitor" clause [1] under which this is brought contemplates an area where the state has exclusive jurisdiction.
We disagree. This suit, independent of the Jones Act claim, could have been brought in federal or state court. Plaintiff, a seaman, alleges he was injured aboard a vessel operating in navigable water and engaged in a traditional maritime activity. In Kelly v. Smith, 485 F.2d 520 (5th Cir. 1973), the court states a maritime *242 tort has occurred where there is negligent injury to a claimant involved in a traditional maritime activity on or over navigable water. Because the claim is grounded in admiralty, the court erred in maintaining the state prescriptive period of one year.
By answer to this appeal, defendants seek review of the judgment overruling the other exceptions. Because the Jones Act claim has been settled, the question of proper or improper cumulation of actions is moot. As to vagueness, we agree plaintiff's petition is conclusory and does not adequately state the factual basis for its assertion that the steps were designed and/or constructed in a negligent manner. Plaintiff should amend to set forth his cause of action more clearly.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered the exception of prescription is overruled, the exception of improper cumulation is dismissed as moot, and the exception of vagueness is maintained. This matter is remanded for further proceedings consistent with the views herein expressed. Defendants are to pay the cost of this appeal.
REVERSED AND REMANDED.
NOTES
[1] "The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."