BEER, Judge.
Appellant Raphael Edwards contracted pulmonary silicosis in the course and scope of his employment at Avondale Shipyards. By separate suit, he has recovered medical expenses and workmen’s compensation benefits. Here, he seeks tort recovery against certain executive officers of Avondale Shipyards. The district court has maintained an exception of prescription, resulting in this appeal.
Edwards’ deposition testimony convincingly indicates that as early as July, 1974, he knew that he was suffering from pulmonary silicosis, that his work was the cause of his illness, and that he should not return to such work. By the petition itself, he *1189 acknowledges that he was advised of the existent condition in 1975. Since this suit was filed in 1977, it is clear, on the face of the record, that any 2315 cause of action which Edwards might have by way of La. R.S. 23:1101, is time barred by the one-year prescriptive period. See: La.Civ.Code art. 3536. Nevertheless, he contends that his cause of action also arises by operation of general maritime law. Thus, he argues the admiralty doctrine of laches should be applicable, and his claim should not be time barred.
When a true admiralty claim is presented in state court, the doctrine of laches will, ordinarily, be primarily considered in determining the timeliness in filing a maritime tort action. Sewerage & Water Board of New Orleans v. Sanders, 264 So.2d 270 (La.App. 4th Cir. 1972), writ ref., 262 La. 1157, 266 So.2d 443; Lavergne v. Western Co. of North America, Inc., 346 So.2d 239 (La.App. 4th Cir. 1977).
In Poche v. Avondale Shipyards, Inc., 339 So.2d 1212 (La.1976), the Louisiana Supreme Court held that the Longshoremen and Harbor Workers Compensation Act, 33 U.S.C. §§ 901 et seq., and the Louisiana Workmen Compensation Act may apply concurrently to certain maritime workers despite the fact that the former law would preclude tort suits against executive officers, and the latter would not do so. In so holding, the court commented as follows:
“That the provisions of the state and federal compensation laws with respect to third party negligence actions are different cannot be disputed. We are of the opinion, however, that once the initial determination was made that the LHCA and state compensations statutes could operate concurrently, the appeal court was in error to reexamine the question of state-federal conflict with respect to particular provisions of the acts. It is obvious that unless the state statute provides benefits or rights beyond those accorded by federal law, there would be no reason to elect to pursue the state remedy. To hold, as did the appellate court, that a plaintiff may elect state law but only insofar as the rights accorded thereunder do not exceed those provided in the federal scheme is to render meaningless the right to make the initial election. We find it particularly significant that workers who chose to pursue state remedies during the pre-1972 era were allowed to take advantage of the state law in its entirety. The courts did not compare particular provisions of the laws with a view to harmonizing differences. (Emphasis ours.)” Id., at 1221.
The Poche decision did not abrogate the doctrine of election of remedies, and the Poche court went on to consider whether one applicant in that consolidated case had made an election of federal comp remedies.
In the instant ease, plaintiff clearly elected to pursue his remedies under state law. Had he chosen to pursue remedies available under federal admiralty law, he would have sought recovery under LHWCA with attendant preclusion of the third party action. His clear- choice to pursue state remedies, evidenced by a prior judgment for compensation benefits pursuant to the Louisiana Workmens Compensation Act, represents an election of the state scheme of recovery — including the one-year prescriptive period.
Having declined to pursue remedies under the federal or admiralty scheme, plaintiff may not now seek to apply particular provisions thereof, i. e., laches, to a state cause of action springing from La.R.S. 23:1101.
Accordingly, the trial court judgment is affirmed.

AFFIRMED