BLANCHE, Judge.
Plaintiffs, Lipton and Lillian Guidry, filed a petition seeking damages for personal injuries arising out of a boating accident. Defendant, Chevron Oil Company, filed a peremptory exception of prescription which was sustained by the trial court. From this judgment, plaintiffs have appealed.
On June 21, 1976, plaintiffs filed suit, alleging that on June 17, 1974, they were injured when the outboard motor vessel they were operating struck a submerged pipeline in Crook Canal leading into Bay Champagne. It was also averred that Crook Canal is a navigable waterway in the State of Louisiana and that defendant owned or managed the pipeline causing plaintiffs’ injury.
With the foregoing allegations, plaintiffs state that the case presents a maritime cause of action under the savings to suitors clause pursuant to 28 U.S.C.A. § 1333 and prayed for relief under the general maritime law.
Defendant filed a peremptory exception of prescription and other exceptions which are not before this Court, noting that plaintiffs’ petition had been filed one year and eleven months after the accident had occurred. The trial judge sustained the exception and dismissed the suit at plaintiffs’ costs. We reverse and remand.
The trial judge has not favored us with written reasons for his decision, and in the absence of any evidence in the record concerning the lack of navigability of Crook Canal, he must have applied Louisiana’s law of prescription to a maritime personal injury action brought in a state court under the savings to suitors clause. In so doing, he committed an error of law.
In Larios v. Victory Carriers, Inc., 316 F.2d 62 (2nd Cir. 1963), Judge Friendly noted, with respect to the same issue before this Court, the following:
“Since Larios’ claim against Victory Carriers and Onassis Corp. was for an injury on the high seas, the applicable principle with respect to the effect of his delay in bringing suit is laches and not the statute of limitations. This is so whether his suit against these defendants be treated as a libel in admiralty, The Key City, 14 Wall. (81 U.S.) 653, 20 L.Ed. 896 (1872); Gardner v. Panama Railroad Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951); Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 533-534, 76 S.Ct. 946, 100 L.Ed. 1387 (1956), or as an action on the Taw side’ of the federal court based on diverse citizenship under the saving clause, 28 U.S.C. § 1333(1), as we expressly held in Oroz v. American President Lines, Ltd., 259 F.2d 636 (2 Cir. 1958), cert. denied, 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572 (1959). Indeed, it would also be true if the suit against Victory Carriers and Onassis Corp. had been brought in a state court under the saving clause. For it is now clear that the maritime law controls all ‘substantive’ issues in the disposition of maritime claims regardless of the form or forum of suit. See Chelentis v. Luckenbach S.S. Co., 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171 (1918); Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942); Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 409-411, 74 S.Ct. 202,98 L.Ed. 143 (1953); and see, as to the ‘substantive’ character of rules relating to limitations, Guaranty *981 Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Judicial recognition of this principle wholly undermined the basis for the rigid application of state statutes of limitation to maritime claims that had been expressed in McGrath v. Panama Railroad Co., 298 F. 303 (5 Cir. 1924) * * (316 F.2d at 65—Emphasis supplied)
Federal courts have repeatedly held that in an admiralty suit state statutes of limitations are not strictly applied; instead, the doctrine of laches controls. E. g. Hill v. W. Bruns & Company, 498 F.2d 565 (2nd Cir. 1974); Oroz v. American President Lines, 259 F.2d 636 (2nd Cir. 1958).
Our brethren in the Fourth Circuit have likewise addressed this issue. In Sewerage & Water Board of New Orleans v. Sanders, 264 So.2d 270 (La.App. 4th Cir. 1972), writ refused, 262 La. 1157, 266 So.2d 443 (1972), that Court said:
“The federal courts have consistently treated the doctrine of laches as a substantive right and have insisted that its application by the state courts is essential to insure uniformity in the judicial administration of maritime law. They maintain in effect that to substitute in lieu of the substantive right of laches, a statute of limitations having a lesser term than would constitute an inordinate delay, would be a deprivation of a substantial admiralty right granted by federal law. While it is permissible for a state statute to supplement federal maritime policies, in doing so it must recognize that the source of the controlling law is national and that it cannot adversely affect any rights created by the dominant federal law. * * * ” (264 So.2d at 272-273)
The Court concluded:
“ * * * Based upon the decrees of the United States Supreme Court in the cases of Pope and Garrett, and their application in the cases of Oroz and Larios, together with the rationale emanating from this Circuit expressed in the Guil-beau and Ferdinandtsen cases, we are constrained to hold that the admiralty doctrine of laches rather than our statute of prescription must be invoked in determining the timeliness in the filing of a maritime tort action in our state courts.” (264 So.2d at 274)
Sanders, supra, was most recently followed in Lavergne v. Western Company of North America, Inc., 346 So.2d 239 (La.App. 4th Cir. 1977), where that Court said:
“ * * * In adjudicating admiralty issues — in this case timeliness of filing suit — Louisiana courts are bound to apply the more liberal federal doctrine. * * ” (346 So.2d at 241)
Defendant argues that the state law of prescription should apply as set down by the United States Supreme Court in Chevron Oil Company v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). However, that case involved the Outer Continental Shelf Lands Act, 43 U.S.C.A. § 1331 et seq., which is not a part of the general federal admiralty or maritime law. See Rodrigue v. Aetna Casualty & Surety Company, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969). We, therefore, find it inapposite and not applicable to the case at bar.
We, therefore, conclude that the trial judge erred in applying Louisiana Civil Code Article 3536, dealing with prescription to the instant case; and for these reasons, reverse and set aside the judgment of the trial court and remand the case for further proceedings in accordance with law. All costs of this appeal are to be paid by defendant-appellee.
REVERSED AND REMANDED.