EDWARDS, Judge.
Plaintiff, Mary McCraine, appeals a trial court judgment maintaining defendants’ peremptory exception of prescription and dismissing her suit as to all defendants. We affirm.
In her original petition, plaintiff alleged that on May 21, 1978, she was a passenger in a boat manufactured by Hondo Boats, Inc., which had been sold to Anchor Marine, Inc., and subsequently to Robert S. Richardson (who was later made an additional defendant). Plaintiff further alleged that the boat was traveling in the Amite River Diversion Canal, part of the intercoastal waterway and a navigable waterway of the United States. The gravamen of plaintiff’s suit was that as the boat accelerated, it struck the wake from another vessel which caused plaintiff to fall against the exposed engine and receive burns.
On August 2, 1979, suit was filed. Plaintiff sought damages of $480,000 on the ground that the boat as designed was defective and dangerous and stated that the claim made was within the admiralty and maritime jurisdiction of the United States and was filed in state court under authority of the “saving to suitors” clause.[1]
Hondo Boats filed an exception of prescription on the ground that plaintiff’s suit had not been brought within the one year period provided by LSA-C.C. Art. 3536. Hondo also urged that the matter was not in admiralty and that therefore Louisiana prescriptive law, rather than the doctrine of laches, would apply.[2] Anchor Marine and Richardson joined in the exception.
*163 After hearing the exception, the trial court found that the action was not in admiralty and that it had prescribed under state law. Suit was dismissed as to all defendants.
On appeal, the sole issue is whether or not the action is one in admiralty.
The landmark case of Executive Jet Aviation, Inc. v. City of Cleveland, Ohio, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), modified the longstanding rule that "Every species of tort, however occurring, and whether on board a vessel or not, if upon the high seas or navigable waters, is of admiralty cognizance.” The Plymouth, 70 U.S. (3 Wall.) 20, 18 L.Ed. 125 (1866). Executive Jet held that for a maritime tort to fall within the admiralty jurisdiction, there must be 1) maritime locale and 2) a significant relationship to traditional maritime activity.
Kelly v. Smith, 485 F.2d 520 (5th Cir. 1973), listed factors to consider in deciding whether an activity is traditionally maritime. They include:
1. the functions and roles of the parties;
2. the types of vehicles and instrumen-talities involved;
3. the causation and type of injury;
4. traditional concepts of the role of admiralty law.
No precise delineation of admiralty’s jurisdictional limits has been formulated. Nor has an exhaustive and all inclusive list of the actions falling within admiralty been compiled. While most of the operational and service concerns of the commercial shipping industry are clearly in admiralty, other areas, such as the products liability case presently at issue, are doubtful. An excellent explanation of why some matters fall into admiralty while others do not is given by Gilmore and Black:
“Whether a given inclusion within or exclusion from the jurisdiction is warranted must depend on the general sense and policy of having the jurisdiction at all. It is hard to think of any better reason for having this jurisdiction than its aptness for providing a special-industry court for the maritime industry.” The Law of Admiralty, 2d Ed., Sec. 1-10, (1975).
In the present case, the small pleasure craft in which plaintiff was injured was traveling on navigable waters but was neither in commerce nor for hire. Plaintiff was a passenger injured by an allegedly defectively designed engine without a protective cover. There was no causation external to the vessel. Nor were any rules of the road or conditions of the canal involved.
Pleasure boat accidents may be in admiralty when traditional maritime concerns such as commerce, navigation and navigational hazards are involved. Armour v. Gradler, 448 F.Supp. 741 (W.D.Pa.1978); Kayfetz v. Walker, 404 F.Supp. 75 (D.C.Conn.1975). Absent such traditional concerns, pleasure boat accidents tend to be excluded from admiralty. Richardson v. Foremost Insurance Company, 470 F.Supp. 699 (M.D.La.1979); Roberts v. Grammer, 432 F.Supp. 16 (E.D.Tenn.1977); Crosson v. Vance, 484 F.2d 840 (4th Cir. 1973).
The trial judge found there was not a sufficient relationship to traditional maritime activities to satisfy the second requirement of Executive Jet. We agree. This case involves nothing more than a products liability claim. That the harm complained of occurred on a pleasure craft is of no moment considering the pertinent facts.
Louisiana procedural law and not the doctrine of laches controls. Because plaintiff filed suit more than one year after her injury, defendants’ plea of prescription was properly maintained.
The trial court judgment is affirmed. All costs, both trial and appellate, are to be paid by Mary McCraine.
AFFIRMED.

. 28 U.S.C.A. § 1333 provides in part:
“The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.”

. When suit is brought in state court, the general maritime law controls, with exceptions. Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970); Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953); Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 *163 L.Ed. 239 (1942). The doctrine of laches has consistently been treated as a substantive right and it therefore controls in maritime suits brought in state courts, state statutes of limitation notwithstanding. Hill v. W. Bruns & Company, 498 F.2d 565 (2nd Cir. 1974); Oroz v. American President Lines, 259 F.2d 636 (2nd Cir. 1958); Guidry v. Chevron Oil Company, 366 So.2d 979 (La.App. 1st Cir. 1978).