394 So.2d 727 (1981)
Jean MORRIS, Plaintiff-Appellee,
v.
M/V CREOLE BELLE, Defendant-Appellant.
No. 8030.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
*728 Plauche, Smith, Hebert & Nieset, Reid K. Hebert, Lake Charles, for defendant-appellant.
Baggett, McCall, Singleton & Ranier, Drew A. Ranier, Lake Charles, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and CUTRER, JJ.
CUTRER, Judge.
Plaintiff, Jean Morris, brought suit against the M/V Creole Belle. He alleges that he was employed by the vessel. He further alleges that while working as a deck hand on that vessel he sustained injuries, primarily to his legs and back, when the outrigger on which he was sitting was dropped fifteen feet. He contends this was caused by the defective design, maintenance or operation of the facilities of the M/V Creole Belle and by the negligence of the vessel, its agents, officers, employees or representatives. The plaintiff also seeks maintenance and cure. The plaintiff amended his petition by adding the following paragraph:
"Also made defendant herein is PHILLIP CANTRELLE, who may be served at 712 Arthur Avenue, Lake Arthur, Louisiana."
The prayer of the original petition was amended requesting judgment against the vessel and Cantrelle. The plaintiff made no allegations that defendant, Cantrelle, was either his employer or that Cantrelle owned the vessel.
The defendant did not answer or appear. A preliminary default was entered and same was confirmed and a final judgment in the amount of $35,000.00 was rendered against the two defendants, in solido, and *729 signed on January 19, 1980. Each of the defendants appeals separately. We will first discuss the position of Cantrelle.
Counsel for Phillip Cantrelle argues that under Louisiana procedural law there was insufficient evidence in the record to support the default judgment and, also, that the trial court erroneously considered evidence beyond the scope of the pleadings.
On the other hand, the plaintiff's counsel argues that the procedure of federal notice pleading applies and that confirmation of default judgment is valid thereunder. The question then becomes whether state or federal procedural requirements for confirmation of a default in state courts are applicable in a maritime case.
It is well established that substantive maritime law controls in state court. Also, the state cannot, by its procedural practice, substantially alter the right of the litigants. Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942). Consequently, federal procedural law, in some instances, controls in state court. Federal procedural law applies as to the standards of appellate review. Benoit v. Fireman's Fund Ins. Co., 361 So.2d 1332 (La.App. 3rd Cir. 1978). Further, the maritime doctrine of laches, rather than the state prescriptive period, applies in actions brought in state court under the general maritime law. Guidry v. Chevron Oil Co., 366 So.2d 979 (La.App. 1st Cir. 1978); Edwards v. Hartzman, 362 So.2d 1188 (La.App. 4th Cir. 1978); Sewerage & Water Board of New Orleans v. Sanders, 264 So.2d 270 (La. App. 4th Cir. 1978), writ ref'd, 262 La. 1157, 266 So.2d 443 (La.1972). The Jones Act three year prescriptive period also applies in actions under the Jones Act.
We conclude, however, that state procedural law applies to the procedural requirements for the confirmation of defaults in maritime suits as such does not substantially alter the substantive rights of the parties. Thus, we examine this default judgment applying state procedural law.
Under Louisiana procedural law, if a necessary fact is not alleged in the petition, evidence of such can neither be admitted nor considered by the trial court in a confirmation of default. The pleadings cannot be enlarged by the introduction of evidence in a confirmation of a default proceeding. This rule was recently reaffirmed and explained in the case of Skye v. White, et al., 391 So.2d 553 (La.App. 3rd Cir. 1980), Docket No. 7928:
"Generally, failure to plead the essential elements of a claim presents no problem because of the rule that so long as the essential facts constituting the claim are proved, the plaintiff may be granted any relief to which he is entitled under the evidence. This is because the opposing party, by failing to object to evidence not pertinent to any of the issues raised by the pleadings, is deemed to impliedly consent to enlargement of the pleadings by that evidence. However, this presumption is unavailable when confirming a default judgment. The very nature of a default judgment dictates this as no opposing party is present, and hence there is no basis to presume the pleadings were enlarged by that party's failure to timely object. The result is that in confirming a default, plaintiff must not only prove every essential element of his cause of action, he must also plead every essential element as a prerequisite to that proof."
Applying these requirements to the present case, we find that the judgment was improvidently granted.
By the express terms of the Jones Act an employer/employee relationship is essential to recovery. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949), rehearing den., 338 U.S. 839, 70 S.Ct. 32, 94 L.Ed. 513 (1949); Guidry v. South Louisiana Contractors, Inc., 614 F.2d 447 (5th Cir. 1980); Spinks v. Chevron Oil Company, 507 F.2d 216 (5th Cir. 1975). No employer/employee relationship between the plaintiff and Cantrelle was alleged. The evidence pertaining to an employer/employee relationship between these parties could not be considered by the trial court.
*730 The same failing prohibits a judgment against Cantrelle for maintenance and cure. Maintenance and cure is owed by the employer. Smith v. Dale Hart, Inc., 313 F.Supp. 1164 (W.D.La.1970). No in personam judgment against the owner of a vessel for maintenance and cure can be had where such owner is not the plaintiff's employer. Solet v. M/V Capt. H. V. Dufrene, 303 F.Supp. 980 (E.D.La.1969).
There was also a lack of any allegation that the defendant, Cantrelle, owned or controlled the M/V Creole Belle. Evidence of such cannot be considered by the trial court as this would enlarge the pleadings. Thus, the judgment cannot be based on the doctrine of unseaworthiness, under which an owner or owner pro hac vice can incur liability for injuries resulting from an unseaworthy condition of the vessel.
Without an allegation of an employer/employee relationship, or that Cantrelle was owner or had control of the vessel, evidence of such relationships cannot be admitted or considered by the trial judge. Thus, the judgment against Cantrelle must be reversed and set aside, and this case must be remanded to the district court for further proceedings against Cantrelle in accordance with law and the views expressed herein.
Counsel for the defendants argues that the proceedings against the vessel are null. He contends that citation and service of process upon the M/V Creole Belle were insufficient. He further states that this is an in rem proceeding and, as such, the proceedings are defective as a seizure of the vessel is a prerequisite to a suit in rem.
We do not need to pass on either of these issues for the reasons hereinafter set forth; the trial court did not have jurisdiction of the suit against the vessel. We raise this issue on our own motion. Louisiana Power and Light Company v. City of Houma, 229 So.2d 202 (La.App. 1st Cir. 1969), writs ref'd, 254 La. 1165, 229 So.2d 350 (1969).
As stated heretofore, plaintiff makes neither allegations of the ownership of the vessel nor of any employer/employee relationship between Cantrelle and plaintiff. He does allege that the vessel is his employer, but this allegation creates a legal impossibility. A vessel, standing alone, cannot be a seaman's employer.
Since there is neither allegation of ownership of the vessel, nor allegation of an employer/employee relationship between Cantrelle and the plaintiff, the proceeding against the vessel stands alone and, as such, is an in rem proceeding. As this portion of the suit is an in rem proceeding, the state court lacks jurisdiction of the subject matter.
A state may not provide a remedy in rem for any cause of action within the admiralty jurisdiction. Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582 (1924). Regarding such in rem actions, Norris' Treatise, The Law of Seamen, 3rd Ed., Vol. I § 4 states:
"The right to proceed in civil causes in rem is the exclusive remedy of the courts of admiralty and no State can confer jurisdiction upon its court to proceed in rem. ... Neither can Congress give such power to a State since it would be contrary to the constitutional grant of such power to the Federal Government."
Consequently, the in rem judgment against the vessel must be reversed.
For the reasons assigned, the judgment against the M/V Creole Belle is reversed and set aside, and plaintiff's claim against this vessel is dismissed with prejudice. The judgment against Phillip Cantrelle is reversed and set aside and this case is remanded to the district court for further proceedings against Phillip Cantrelle in accordance with law and the views expressed herein. All costs of this appeal are assessed against the plaintiff-appellee. Assessment of costs in the trial court must await a final judgment there.
REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART.