LeBLANC, Judge.
This appeal involves the single issue of whether the trial court properly awarded prejudgment interest on an award of attorneys’ fees and costs[2]. A judgment was *1237 rendered on March 19, 1990, in favor of McDermott Incorporated and against Compass Welding Co., Inc., awarding attorneys’ fees and costs in the amount of $40,970.52, with legal interest from date of judicial demand, November 26, 1984 (i.e., the date on which McDermott filed a third-party action against Compass). Compass appeals, contending the award of prejudgment interest was improper.
This litigation arises from the following facts:
Richard P. Steele, Jr., was allegedly injured on August 21,1984, while working as a seaman on a barge located on the navigable waters of the State of Louisiana. At that time, Steele was employed by Compass, who had contracted with McDermott to provide laborers for McDermott. Steele brought suit against Compass, McDermott, and their insurance companies under the Jones Act and general maritime law, seeking recovery for his injuries. McDermott filed an answer and third-party demand against Compass on November 26, 1984, contending that McDermott was entitled to indemnification from Compass based on a “Blanket Subcontractor’s Agreement” executed by McDermott and Compass. Based on this agreement, McDermott contended that Compass was contractually obligated to indemnify and hold McDermott harmless against all claims, demands or causes of action by Compass’ employees for personal injury, including injury caused by the negligence of McDermott or the unseaworthiness of vessels owned or operated by McDermott. McDermott alleged that the agreement also provided indemnification for all expenses incurred by McDermott in investigating and defending claims or demands brought against McDermott (for which the contract provided indemnification), including attorneys’ fees and costs.
Prior to trial on the merits, McDermott and Compass settled plaintiff’s claims and reserved the right to litigate the third-party demand regarding contractual indemnification. Pursuant to the settlement, McDer-mott paid $410,279.15 to Steele.
Trial was held to resolve the issues of contractual indemnification on October 24, 1986.[3] The trial court, in written reasons for judgment, dated August 27, 1987, determined that McDermott was entitled to full indemnification from Compass on the basis of Compass’ indemnity obligations in the “Blanket Subcontractor’s Agreement”. The trial court found that the contract was a maritime contract which was controlled by the maritime law, rather than the law of Louisiana, and that the indemnity obligation was valid.[4] The trial court determined that McDermott was entitled to reimbursement of $410,279.15 from Compass. The trial court further stated, in its reasons for judgment, that “McDermott was entitled to recover its attorney’s fees which it will be allowed to prove up at hearing upon entry of this judgment.” On September 8, 1987, judgment was rendered accordingly in favor of McDermott and against Compass in the amount of $410,279.15. The judgment also stated that “McDermott is entitled to recover costs and reasonable attorney’s fees. A date will be set by this Court for the trial on the amount of attorney’s fees that McDermott is entitled to recover.”
Subsequently, Compass paid to McDer-mott the full amount of the indemnification award. Trial on the matter of attorneys’ fees was held on December 21, 1989. Evidence was heard regarding the attorneys’ fees and costs that were incurred by McDermott in defending the claims brought by Steele. On March 19, 1990, the trial court rendered judgment in favor of McDermott and against Compass in the amount of $40,970.52. The judgment stated that this amount represented reasonable attorneys’ fees and costs incurred by McDermott in defending against the lawsuit filed by Steele. The judgment also *1238 stated that “McDermott is entitled to recover legal interest from date of judicial demand commencing from November 26, 1984, the date on which McDermott Incorporated filed its third-party action against Compass Welding Co., Inc.; and all costs of these proceedings are to be borne by Compass Welding Co., Inc.”
Compass appeals this judgment, raising three assignments of error. Initially, Compass asserts that the September 8, 1987 judgment was a final judgment regarding the issue of interest due on the award of attorneys’ fees and costs and that the doctrine of res judicata should have precluded a later determination regarding prejudgment interest. In other words, appellant argues that the March 19, 1990 judgment which awards interest from date of judicial demand is invalid.
We find no merit in this contention. In order for a court to consider the applicability of res judicata, the judgment raised must be final. Succession of Cameron, 446 So.2d 948 (La.App. 3d Cir.1984); Morris v. Morris, 336 So.2d 254 (La.App. 1st Cir.1976). Although the September 8, 1987 judgment may have been a final judgment with respect to the indemnification award, this judgment clearly was not final with respect to the claim of attorneys’ fees and costs and interest on that claim. The amount of attorneys’ fees and costs to which McDermott was entitled had not been determined as of that date. The trial court stated in both his August 27, 1987 reasons for judgment and the September 8, 1987 judgment that McDermott was entitled to recover attorneys’ fees and that a separate trial would be held to determine the amount of attorneys’ fees. The issue of the amount of attorneys’ fees and costs due to McDermott was properly before the court during the December 21, 1989 trial, as was the issue of entitlement to interest on that amount. Therefore, the trial court’s March 19, 1990 judgment was not precluded by res judicata.
As an alternative argument, appellant contends that the trial court erred in awarding prejudgment interest; it argues that interest should have been awarded only from the date of the award of attorneys’ fees and costs. Appellant cites only state jurisprudential authority to support its claim when clearly this matter is governed by federal maritime law rather than state law.
In deciding the issue of whether McDer-mott was entitled to indemnification from Compass, the trial court determined that the “Blanket Subcontractor’s Agreement” executed by McDermott and Compass was a maritime contract which was controlled by maritime law rather than the law of Louisiana. Compass has not appealed this finding of the trial court and has paid to McDermott the full amount of the indemnification award. Thus, whether McDermott was entitled to prejudgment interest on an award of attorneys’ fees and costs authorized by the contract’s indemnity provisions should be determined under federal maritime law. See Federal Barge Lines, Inc. v. Republic Marine, Inc., 616 F.2d 372 (8th Cir.1980).
The federal maritime law regarding prejudgment interest is well settled. In Reeled Tubing, Inc. v. M/V Chad G, 794 F.2d 1026 (5th Cir.1986), the court stated the following:
Under maritime law, the awarding of prejudgment interest is the rule rather than the exception, and, in practice, is well-nigh automatic. A trial court has the discretion to deny prejudgment interest only where peculiar circumstances would make such an award inequitable. Peculiar circumstances may be found where plaintiff improperly delayed resolution of the action, where a genuine dispute over a good faith claim exists in a mutual fault setting, where some equitable doctrine cautions against the award, or where the damages award was substantially less than the amount claimed by plaintiff. Moreover, in this Circuit prejudgment interest is ordinarily awarded from the date of loss. Prejudgment interest is usually awarded to the date of loss to ensure that the injured plaintiff is compensated for the use of funds to which the plaintiff was entitled, *1239 but which the defendant had use of prior to judgment. 794 F.2d at 1028. Citations omitted.
Also see, Orduna S.A. v. Zen-Noh Grain Corp., 913 F.2d 1149 (5th Cir.1990).
In the present case, the trial court properly concluded that an award of prejudgment interest was appropriate. The record does not establish any circumstances that would justify a complete denial of prejudgment interest. The facts establish that McDermott expended its funds to pay for attorneys’ fees and costs incurred in defending against Steele’s personal injury suit. Compass was liable for these expenses based on the contract’s indemnity provisions. If Compass had paid for these expenses at the time that they were incurred, McDermott would not have had to expend its funds. Thus, McDermott should be awarded prejudgment interest from the date that the funds were expended to ensure that it is compensated for the use of the funds.
However, since the record further establishes that McDermott had not paid any attorneys’ fees (incurred in defending the main demand) as of the date of its third-party demand, filed on November 26, 1984, we find that the trial court abused its discretion in awarding prejudgment interest from that date. Since the rationale for an award of prejudgment interest in an admiralty case is compensation or restitution, it would be inequitable to award interest from a date prior to the date of loss or prior to the date that incurred expenses are paid.
The record establishes that a great majority of the attorneys’ fees and costs incurred in defending against the main demand were not actually paid until November 7, 1986. Thus, we find that the award of prejudgment interest should begin to run as of this date rather than the date of judicial demand. The judgment of the trial court is therefore amended to provide legal interest from November 7, 1986.
Lastly, appellant contends that McDer-mott is not entitled to an award of prejudgment interest because it was not specifically prayed for in McDermott’s third-party demand. In support of its argument, appellant cites La.C.C.P. art. 1921 which states, “The court shall award interest in the judgment as prayed for or as provided by law.” Since state law does not provide for interest on an award of attorneys’ fees made pursuant to a contractual indemnity agreement, appellant submits that McDer-mott was required to pray for the interest award.
Appellant correctly interprets La. C.C.P. art. 1921. Under the provisions of this article, since interest is not provided by state law on an award of attorneys’ fees made pursuant to a contractual indemnity agreement, legal interest cannot be awarded where the party seeking its recovery has not prayed for it. See, Succession of Mulqueeny, 253 La. 595, 218 So.2d 607 (La.1969); Landry v. Louisiana Hosp. Service, Inc., 449 So.2d 584 (La.App. 1st Cir.1984). However, we find that La.C.C.P. art. 1921 is not controlling in this case.
It is well established that substantive maritime law controls in state court in civil cases of admiralty or maritime jurisdiction. Additionally, a state cannot, by its procedural practice, substantially alter the rights of the litigants. Morris v. M/V Creole Belle, 394 So.2d 727 (La.App. 3d Cir.1981). State courts are required to proceed in a manner that protects all substantial rights of the parties under controlling federal law. Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942). Consequently, where the application of state procedural law modifies or displaces essential features of the substantive maritime law, federal procedural law should be applied. See Morris, 394 So.2d at 729; Lavergne v. Western Co. of North America, Inc., 371 So.2d 807 (La.1979).
In this case, we find that the application of state procedural law would modify or substantially alter McDermott’s substantive right to recover prejudgment interest. Thus, we find that federal procedural law should control in this case.
Fed.Civ.P. Rule 54(c) provides in pertinent part:
Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to *1240 which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.
In the instant case, although McDermott did not specifically request prejudgment interest in its third-party demand, it did include a paragraph requesting “all further just and equitable relief.” Under Fed. Civ.P. Rule 54(c), McDermott’s third-party demand was sufficient to support the trial court’s award of prejudgment interest. See Crown Cent. Pet v. Nat. U. Fire Ins. C. of P., Pa., 768 F.2d 632 (5th Cir.1985). A specific request for prejudgment interest is not required under federal procedural law. Crown Cent. Pet., 768 F.2d at 638.[5]
For the above reasons, we amend the trial court’s judgment to provide that McDermott is entitled to recover legal interest from November 7, 1986 until the award of attorneys’ fees and costs is paid and that McDermott is not entitled to recover legal interest from November 26, 1984 through November 6, 1986. Compass and McDermott are each assessed one-half of the costs of this appeal.
AMENDED AND, AS AMENDED, AFFIRMED.

. The award of costs refers to expenses incurred by the attorneys in representing their client, McDermott Incorporated, rather than court costs which were awarded separately.

. Although the minutes of the court reflect that trial was held on October 24, 1986, the court’s written reasons for judgment and judgment state that trial was held on September 19, 1986.

. The trial court explained that the Louisiana Oil Field Indemnity Act did not render the indemnity obligation null and void because the contract was governed by maritime law rather than Louisiana state law.

. We also note that Compass’ attorney, Mr. Joseph Reilly, Jr., stated no objections to McDer-mott’s claim for prejudgment interest during the December 21, 1989 trial. McDermott’s attorney, Mr. Michael Riess, stated at least three times that McDermott was seeking to recover interest. One of these statements specifically referred to prejudgment interest. Mr. Reilly made no argument to the trial court that McDermott was not entitled to recover prejudgment interest. Although these facts alone do not justify an award of prejudgment interest, we make reference to these events at trial to establish that Compass was aware of McDermott’s claim for prejudgment interest during the trial of this matter.