**REELED TUBING, INC.,**
**Plaintiff-Appellant,**

v.

**M/V CHAD G, her engines, etc., in rem, Guilbeau Marine, Inc., Grand Isle Shipyard, Inc., in personam, Defendants-Appellees.**

No. 85–3671
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 21, 1986.

Deutsch, Kerrigan & Stiles, Francis J. Barry, Jr., Philip J. Kaplan, New Orleans, La., for plaintiff-appellant.

Henderson, Hanemann & Morris, Joseph Reilly, Jr., Houma, La., for Grand Isle Shipyard, Inc.

Lugenbuhl, Larzelere & Ellefson, W.J. Larzelere, Jr., Douglas B. Habig, Russell D. Pulver, New Orleans, La., for Gilbeau Marine, & C & G Marine Service.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

JOHNSON, Circuit Judge:

Reeled Tubing, Inc., appeals from the trial court's judgment denying prejudgment interest from the date of Reeled Tubing's loss. Instead, the trial court awarded prejudgment interest only from the date of judicial demand. Reeled Tubing also challenges the method used by the trial court to calculate the interest rate on that interest actually awarded. We conclude that the trial court abused its discretion in the circumstances presented here in denying prejudgment interest from the date of Reeled Tubing's loss. However, the method used by the trial court to calculate that interest actually awarded was within its discretion. Thus, the trial court's judgment limiting prejudgment interest is vacated and remanded with instructions to award Reeled Tubing interest, at the rate specified by the trial court, commencing from the date of loss.

## I.

On October 28, 1983, plaintiff Reeled Tubing purchased a Power Package Unit ("power pack"), for use in conjunction with oil drilling, from Hydradyne Hydraulics for the sum of $53,500. On December 26, 1983, the power pack was loaded aboard the M/V CHAD G at Grand Isle, Louisiana, by defendant Grand Isle Shipyard, Inc. pursuant to a stevedoring contract. Grand Isle's workers did not secure the power pack to the deck of the vessel and no crew member of the vessel inspected the cargo to determine whether the power pack was properly secured. After an approximately three hour voyage across the Gulf of Mexico the M/V CHAD G reached its destination minus the power pack, which had evidently fallen overboard. Reeled Tubing immediately purchased a replacement for the power pack and eventually paid the full purchase price for that replacement.

On March 30, 1984, Reeled Tubing informed defendants Grand Isle and Guil-

beau Marine, Inc. (the M/V CHAD G owner) that Reeled Tubing held them fully accountable for the loss. Grand Isle's insurer responded promptly, and denied liability. The M/V CHAD G's insurer did not respond fully until September 10, 1984, when it too denied liability.

On December 26, 1984, one year after the loss, Reeled Tubing filed the instant case against the M/V CHAD G, *in rem*, Guilbeau Marine, and Grand Isle. With the consent of the parties, the case was tried before a United States magistrate without a jury. In an opinion issued on September 30, 1985, the trial court (the magistrate) found the defendants Guilbeau Marine and Grand Isle negligent. The trial court also found that the defendants' negligence was the proximate cause of the power pack being lost overboard. The trial court apportioned fault equally between the defendants and entered judgment in favor of Reeled Tubing in the amount of $53,500. Initially, the trial court refused to award any prejudgment interest due to (1) plaintiff's delay of one year in filing suit; (2) the existence of a good faith dispute over liability and damages; and (3) Reeled Tubing's failure to establish loss of use. The trial court subsequently and without explanation amended its judgment to grant prejudgment interest; the prejudgment interest awarded by the trial court was specified to run only from the date Reeled Tubing had filed its complaint. The trial court fixed the rate of interest in accordance with the postjudgment interest rate prescribed in 28 U.S.C. § 1961.

## II.

 Under maritime law, the awarding of prejudgment interest is the rule rather than the exception, and, in practice, is well-nigh automatic. *Inland Oil & Transport Co. v. Ark-White Towing Co.*, 696 F.2d 321, 327 (5th Cir.1983). A trial court has the discretion to deny prejudgment interest only where peculiar circumstances would make such an award inequitable. *Inland Oil & Transport*, 696 F.2d at 327. Peculiar circumstances may be

found where plaintiff improperly delayed resolution of the action, where a genuine dispute over a good faith claim exists in a mutual fault setting, where some equitable doctrine cautions against the award, or where the damages award was substantially less than the amount claimed by plaintiff. *United States v. Central Gulf Lines, Inc.*, 747 F.2d 315, 320 (5th Cir.1984); *Inland Oil & Transport Co.*, 696 F.2d at 327–28; *Noritake Co., Inc. v. M/V HELLENIC CHAMPION*, 627 F.2d 724, 728–29 n. 3 (5th Cir.1980). Moreover, in this Circuit prejudgment interest is ordinarily awarded from the date of loss. *See Platoro Ltd., Inc. v. Unidentified Remains, Etc.*, 695 F.2d 893, 906–07 (5th Cir.1983), *cert. denied*, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983); *see also King Fisher Marine Service, Inc. v. NP Sunbonnet*, 724 F.2d 1181, 1187 (5th Cir.1984). Prejudgment interest is usually awarded to the date of loss to ensure that the injured plaintiff is compensated for the use of funds to which the plaintiff was entitled, but which the defendant had use of prior to judgment. *Cf. Walsh Stevedoring v. James Marine Service, et al.*, 792 F.2d 489, 492–93 (5th Cir.1986).

 The trial court failed to specify its reasons for refusing to award prejudgment interest to the date of loss. However, to the extent the trial court's reasons were the same as its reasons for initially denying prejudgment interest altogether, the trial court must be said to have abused its discretion. Reeled Tubing's failure to file suit for one year following the loss was not the result of improper delaying tactics which would justify denying prejudgment interest to the date of loss. Reeled Tubing notified defendants of the fact and circumstances of the loss and the likelihood of a claim within three months of the loss. Following notification, one of the defendants delayed five months before responding. Reeled Tubing commenced the instant case within four months of learning that both defendants denied liability. Thus, Reeled Tubing's one year delay in filing suit was entirely reasonable.

■ Moreover, the existence of a good faith dispute as to liability did not justify denying prejudgment interest to the date of loss. While such a dispute may justify denying prejudgment interest in a mutual fault setting, *see e.g., Inland Oil & Transport Co.*, 696 F.2d at 328, there was no finding that Reeled Tubing was in any way at fault. *See General Intermodal Logistics Co. v. Mainstream Shipyards & Supply, Inc.*, 791 F.2d 930 (1986, 5th Cir.). Moreover, no more evidence of a "good faith" dispute exists here than would exist in virtually any nonfrivolous admiralty suit. Thus, the existence of such a dispute did not justify departure from the usual rule requiring an award of prejudgment interest to the date of loss.

■ Certainly there are circumstances when a trial court may properly exercise its discretion to award prejudgment only to the date of judicial demand. *Cf. Howell v. Marmpegaso Compania Naviera, S.A.*, 578 F.2d 86 (5th Cir.1978). An unreasonable delay in filing suit may constitute such a circumstance. However, the trial court failed to specify and we are aware of no such circumstances which would justify departing in the instant case from our usual rule requiring prejudgment interest from the date of loss.[1] Reeled Tubing purchased a power pack for $53,500 and entrusted it to defendants, who were found jointly responsible for its loss. Reeled Tubing has had neither the power pack nor the $53,500 since the date of the loss or shortly thereafter. The fact that Reeled Tubing may have purchased another power pack on advantageous terms does not alone alter the fact that Reeled Tubing was denied the use of the funds that paid for the first pack and is entitled to prejudgment interest as compensation for loss of the use of those funds.

### III.

■ The trial court ordered that the prejudgment interest awarded be paid at the rate established by 28 U.S.C. § 1961. Reeled Tubing notes that this statute, by its terms, applies to postjudgment interest, and argues that the court should have used some other, more favorable standard for calculating prejudgment interest. Setting the rate of interest on a judgment is within the trial court's broad discretion. *United States v. Central Gulf Lines Inc.*, 747 F.2d 315, 320 (5th Cir.1984); *see also Todd Shipyards Corp. v. Auto Transportation, S.A.*, 763 F.2d 745, 753 (5th Cir.1985) (admiralty courts may look to reasonable guideposts indicating a fair level of compensation).

■ Reeled Tubing suggests calculating the interest on this judgment based on a federal claim, not by looking to the federal standard established in section 1961, but by adopting the rate established by a Louisiana statute. We conclude that the trial court's failure to do so was not an abuse of discretion. *See also Western Pacific Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1289 (9th Cir.1984) ("Although § 1961 does not provide for prejudgment interest, it is entirely compatible with awards of such interest.").

Reeled Tubing also suggests that the interest be calculated based on the section 1961 rate that would have applied at the time the loss occurred, or on the median section 1961 rate during the interval between the loss and the entry of judgment. Although either formula might have produced a more equitable result than that adopted by the trial court, Reeled Tubing

---

1. There may be circumstances which would justify awarding prejudgment interest only from the date of judicial demand which would not justify denying prejudgment interest altogether. The Seventh Circuit has stated in dicta while affirming an award of prejudgment interest to the date of loss that "a district court possesses broader discretion in determining when prejudgment interest should commence" than in denying prejudgment interest. *United States v.* *Peavey Barge Line*, 748 F.2d 395, 402 (7th Cir. 1984). The Second Circuit has also indicated that a district court has broader discretion to determine when interest begins. *Independent Bulk Transport, Inc. v. The Vessel "Morania Abaco,"* 676 F.2d 23, 25 (2d Cir.1982). We are unaware of any case in which this Court has yet granted a trial court greater discretion to deny prefiling interest than to deny prejudgment interest altogether.

has not established that the formula used by the trial court and expressly set forth in section 1961 resulted in any inequity.

## IV.

For the foregoing reasons, the judgment of the trial court is AFFIRMED IN PART and REVERSED IN PART and REMANDED.