No. 86–703. INTERNATIONAL OILFIELD DIVERS, INC., ET AL. *v.* PICKLE ET AL. C. A. 5th Cir. Certiorari denied. ▮

JUSTICE WHITE, with whom THE CHIEF JUSTICE joins, dissenting.

The Jones Act, 38 Stat. 1185, as amended, 46 U. S. C. § 688(a), provides that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law . . . ." This case presents the question of who is a "seaman" for purposes of the Jones Act.

The Court of Appeals for the Fifth Circuit, both in this case and in its previous cases, has taken an expansive view in defining who is a seaman. The Fifth Circuit, relying on its earlier opinion in *Offshore Co.* v. *Robison*, 266 F. 2d 769 (1959), has taken the position that to be a seaman, a person need not assist in the transportation function of a vessel. See *Barrett* v. *Chevron, U. S. A., Inc.*, 781 F. 2d 1067, 1073 (1986) (en banc). Other Courts of Appeals, particularly the Third and Seventh Circuits, have rejected this view and require that before a plaintiff can sue under the Jones Act, he must be employed in such a way as to assist in the navigational function of a vessel. See *Johnson* v. *John F. Beasley Construction Co.*, 742 F. 2d 1054, 1061 (CA7 1984) ("[W]e think the second part of the *Robison* test strays from important Jones Act principles when it speaks of the employee's duties as having to relate only to the 'function of the vessel or the accomplishment of its mission' without further qualifying 'function' and 'mission' in terms of the *transportation* function and mission of the vessel") (emphasis in original), cert. denied, 469 U. S. 1211 (1985); *Simko* v. *C & C Marine Maintenance Co.*, 594 F. 2d 960, 964–965 (CA3), cert. denied, 444 U. S. 833 (1979). There is even dis-

agreement within the Fifth Circuit over this point. See *Barrett, supra,* at 1076 (Gee, J., specially concurring).

Because of the direct split among the Courts of Appeals, I would grant the petition.