United States Court of Appeals,

Fifth Circuit.

No. 95-30731.

PROBO II LONDON;  Baro Shipping, Ltd., Hong Kong, Plaintiffs-Appellants;  Cross-Appellees,

v.

ISLA SANTAY MV, her engines, tackle, apparel, etc., in rem;  Transportes Navieros Ecuatorianos;  Defendants-Appellees;  Cross-Appellants,

The Panama Canal Commission, in personam, Defendant-Appellee,

Probo Baro MV, her engines, tackle, apparel, etc., in rem;  Probo Two Ltd.;  Torvald Kvaveness & CO A/S, Defendants.

Aug. 27, 1996.

Appeals from the United States District Court for the Eastern District of Louisiana.

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

This appeal presents issues relating to the award of prejudgment interest in a maritime collision case.

**Facts and Proceedings Below**

The underlying controversy arises out of a maritime collision on the Pacific approach to the Panama Canal between a tanker, the PROBO BARO, and a general cargo vessel, the M/V ISLA SANTAY on March 10, 1989.  At the time of the collision, the PROBO BARO was under the control of a compulsory pilot of the Panama Canal Commission (Commission).  Both vessels sustained damage.  Following the collision, both vessels underwent temporary repairs at a shipyard in Panama.  The PROBO BARO received additional temporary repairs in Baltimore before proceeding to Spain, where permanent repairs were made.  Following the temporary repairs in Panama, the ISLA SANTAY elected to delay further repairs until her next regularly scheduled dry-docking in 1990.

As the Commission was to be a party to the litigation, the claims of both vessel interests were required to undergo the Commission's administrative claims procedure pursuant to 22 U.S.C. §§ 3772 and 3776 before suit could be commenced.  The damages to the PROBO BARO were submitted to

1

the Commission on July 10, 1990, although the Commission required additional information, all of which was not presented until June 12, 1991. The damages claimed to the ISLA SANTAY were submitted to the Commission on March 8, 1991. The Commission issued its final determination with respect to the PROBO BARO claim on March 3, 1992, and as to the ISLA SANTAY claim on March 9, 1992.

On May 29, 1992, appellants Probo II, London and Baro Shipping Limited, Hong Kong (collectively, BARO interests) filed suit against the M/V ISLA SANTAY and her owners, Transportes Navieros Ecuatorianos, (collectively, SANTAY interests) and the Commission in the United States District Court for the Eastern District of Louisiana. The liability issue came to trial by consent of all parties before a magistrate judge on December 19, 1994. The magistrate judge apportioned 70% of the fault to the ISLA SANTAY, 20% to the Commission, and the remaining 10% to the PROBO BARO.

O set for trial, the parties entered into a stipulation accepting the magistrate judge's apportionment of fault. In addition, the parties stipulated to damages of $1,252,000 to the PROBO BARO and $669,000 to the ISLA SANTAY. The parties were unable to come to terms on the question of prejudgment interest which was left for resolution by the magistrate judge.

The magistrate judge entertained additional briefing on the issue of prejudgment interest and costs before issuing a minute entry on February 23, 1995, which provided that the SANTAY interests should pay prejudgment interest from the date of judicial demand, including the Commission's share of the interest.[1] However, the magistrate judge declined to award prejudgment interest from the date of the casualty because it found that the BARO interests had improperly delayed in prosecuting their claim, there was a good faith liability dispute in a case of mutual fault, and that equitable considerations surrounding the payment of the Commission's share of the interest mitigated in favor

---

[1]Congress has not waived the Commission's sovereign immunity with respect to interest. *McGehee v. Panama Canal Commission,* 872 F.2d 1213 (5th Cir.1989).

of such a result.[2]

Motions for reconsideration were filed on behalf of both vessel interests in March and April 1995. By order entered July 6, 1995, the magistrate judge denied the motions for reconsideration and entered judgment awarding costs and prejudgment interest from the date of judicial demand to the BARO interests.[3]

The BARO interests now appeal the magistrate judge's denial of prejudgment interest from the date of the collision. The SANTAY interests have brought a cross-appeal urging that the district court abused its discretion in awarding any prejudgment interest to the BARO interests, and that the district court erred as a matter of law in requiring the SANTAY interests to pay interest on the portion of damages attributable to the Commission.

## Discussion

I. Denial of Prejudgment Interest

In reviewing awards of prejudgment interest, the factual findings regarding whether "peculiar circumstances" exist are reviewable for clear error, while the decision as to whether prejudgment interest should be awarded once such circumstances are found is reviewed for abuse of discretion. *Corpus Christi Oil & Gas v. Zapata Gulf Marine,* 71 F.3d 198, 204 (5th Cir.1995).

The Supreme Court recently addressed the award of prejudgment interest in admiralty in *City of Milwaukee v. Cement Div., Nat. Gypsum Co.,* --- U.S. ----, ----, 115 S.Ct. 2091, 2095, 132

---

[2]In this Circuit, the general rule in admiralty cases is that prejudgment interest is to be awarded from the date of loss. *Reeled Tubing, Inc. v. M/V CHAD G,* 794 F.2d 1026, 1028 (5th Cir.1986); *King Fisher Marine Serv., Inc. v. NP Sunbonnet,* 724 F.2d 1181, 1187 (5th Cir.1984).

[3]The BARO interests were awarded judgment against the Commission in accordance with its percentage of fault, but without prejudgment interest. After netting of damages and allocation in accordance with proportionate fault, the BARO interests were also awarded judgment for an additional amount against the SANTAY interests. Separate principal amounts were awarded against the Commission and against the SANTAY interests, and the judgment was entirely several, and not joint or joint and several. Prejudgment interest was awarded on the whole of the judgment (the principal amounts awarded against the Commission and those awarded against the SANTAY interests) in favor of the BARO interests and against the SANTAY interests. The Commission does not appeal. No party on appeal questions any part of the judgment except that relating to prejudgment interest.

L.Ed.2d 148 (1995), noting that it is "a general rule that prejudgment interest should be awarded in maritime collision cases, subject to a limited exception for "peculiar' or "exceptional' circumstances." The Court further explained:

> "The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss. Full compensation has long been recognized as a basic principle of admiralty law, where "[r]*estitutio ad integrum* is the leading maxim applied by admiralty courts to ascertain damages resulting from a collision.' By compensating "for the loss of use of money due as damages from the time the claim accrues until judgment is entered,' an award of prejudgment interest helps achieve the goal of restoring a party to the condition it enjoyed before the injury occurred." *Id.* at ---- - ----, 115 S.Ct. at 2095-96 (footnote and citations omitted).

Yet the Court cautioned that "[d]espite admiralty's traditional hospitality to prejudgment interest, however, such an award has never been automatic." *Id.* at ----, 115 S.Ct. at 2096. While declining to elaborate an exhaustive list of those circumstances that would justify the denial of prejudgment interest, the Court noted that undue delay by the plaintiff in pursuing the suit would qualify, while the existence of a good faith dispute as to liability or the existence of mutual fault would not. *Id.* at ---- - ----, 115 S.Ct. at 2096-97.

In the present case, the magistrate judge, relying on this Court's opinion in *Reeled Tubing, Inc. v. M/V CHAD G,* 794 F.2d 1026 (5th Cir.1986), cited several factors in support of the decision to award the BARO interests prejudgment interest only from the date of judicial demand rather than from the date of the collision. Among the factors cited by the magistrate judge in support of that decision was the existence of a good faith dispute in a mutual fault setting. At the time of the magistrate judge's minute entry and of the motions for reconsideration directed to it, these factors were proper considerations in denying prejudgment interest under the law of this Circuit. *See Reeled Tubing,* 794 F.2d at 1028; *Inland Oil & Transport Co. v. Ark-White Towing Co.,* 696 F.2d 321, 327-28 (5th Cir.1983). However, the Supreme Court's June 12, 1995, decision in *City of Milwaukee,* issued shortly prior to the final judgment in this case but not cited by the magistrate judge or any of the parties below, teaches that neither the existence of a good faith dispute as to liability nor the existence of mutual fault constitutes "peculiar" circumstances so as to warrant the denial of prejudgment interest. *City of Milwaukee,* --- U.S. at ----, 115 S.Ct. at 2097; *see also Koch Refining*

4

*Co. v. M/V Jennifer L. Boudreaux,* 85 F.3d 1178, 1183 (5th Cir.1996) (noting Supreme Court's rejection of this rationale). As the magistrate judge's decision to deny prejudgment interest from the date of the collision rests in part on considerations foreclosed under the current state of the law, we must reverse the judgment and remand this matter for reconsideration in light of *City of Milwaukee.* *See Price v. Denison Ind. Sch. Dist.,* 694 F.2d 334, 367-68 (5th Cir.1982) (remand required where erroneous view of the law appears to have materially influenced exercise of discretion).

II. Liability of SANTAY for Interest on Damages Attributable to Commission

The SANTAY interests have lodged a cross-appeal in which they advance two arguments as to why they should not be liable for prejudgment interest on that portion of the damages attributable to the Commission: (1) prejudgment interest on those damages is not an element of damages to which the BARO interests are entitled because the Commission's sovereign immunity has not been waived as to prejudgment interest; and (2) the fault attributable to the Commission pilot at the helm of the PROBO BARO is more properly attributed to the PROBO interests than the SANTAY interests under principles of maritime law and equity.

The SANTAY interests, relying on authority for the proposition that interest is a separate element of damages for purposes of the sovereign immunity analysis,[4] argue that therefore prejudgment interest is not an element of damages to which the BARO interests are entitled as Congress has not waived the Commission's immunity for such interest.

We believe that this argument elides an essential distinction between the elements of the plaintiff's damages and the sovereign's immunity from liability. While the sovereign may not be liable for such interest absent a waiver of sovereign immunity, the interest remains an element of the plaintiff's damages necessary to make the plaintiff whole. *See City of Milwaukee,* --- U.S. at ----, 115 S.Ct. at 2095 ("The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss."). The argument advanced by the SANTAY interests requires

---

[4]*Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); *WJM, Inc. v. Massachusetts Dept. of Public Welfare,* 840 F.2d 996, 1006 (1st Cir.1988); *McKenzie v. Kennickell,* 669 F.Supp. 529, 535 (D.D.C.1987).

the logical leap from the proposition that the sovereign may not be held liable for prejudgment interest to the proposition that *no party,* even a joint tortfeasor, can be liable for such interest, an argument rejected by this Court in *Transorient Navigators Co., S.A. v. M/S SOUTHWIND,* 788 F.2d 288 (5th Cir.1986).

In *Transorient Navigators,* a maritime collision case, 80% of the fault was apportioned to the pilot of the SOUTHWIND and 20% to the United States Army Corps of Engineers, while no fault was assessed against Transorient's vessel, the ASTROS. Although the United States' liability for interest was statutorily limited by the Suits in Admiralty Act, we held that the district court had erred in holding that Transorient could not recover interest on the full amount of damages from the SOUTHWIND as a joint tortfeasor.

The SANTAY interests attempt to distinguish *Transorient Navigators* in certain respects which we find to be lacking in merit. It is first argued that *Transorient Navigators* is distinguishable because the Suits in Admiralty Act specifically allowed the award of interest against the United States, thereby rendering interest an element of damages, while there is no such waiver of immunity in the present case. The flaw in this argument lies in the fact that in *Transorient Navigators* we held that while interest recoverable from the United States was statutorily limited to 4% annually, the balance of interest owing *on the full amount of damages* was recoverable from the SOUTHWIND. Under the argument advanced by the SANTAY interests, the statutory bar against recovering the remaining interest from the United States would mean that such interest was simply not an element of damages, and therefore not recoverable from any part Navigators is that no fault was assessed against Transorient while the magistrate judge found the PROBO BARO to be 10% at fault in the present case. Thus it is argued that *Transorient Navigators* stands only for the proposition that an innocent party is entitled to full recovery. The Supreme Court rejected just such a rationale in *City of Milwaukee* in response to Milwaukee's argument that it was inequitable to award a large sum in prejudgment interest against the city when the owner of the vessel had been adjudged 96% responsible for the damage noting:

6

"[A]ny unfairness is illusory, because the relative fault of the parties has already been taken into consideration in calculating the amount of the loss for which the City is responsible.... Thus, in this case, before prejudgment interest even entered the picture, the total amount of respondents' recovery had already been reduced by two-thirds because of National Gypsum's own negligence.... The City is merely required to compensate the owner for the loss for which the City is responsible." *City of Milwaukee,* --- U.S. at ----, 115 S.Ct. at 2097.

Therefore, the fact that the PROBO BARO was partially at fault in the present case is by itself of no consequence to the award of prejudgment interest.

However, another principle of maritime law relied upon in *Transorient Navigators* provides the relief which the SANTAY interests seek under their second ground of attack on the award of prejudgment interest as to the damages assessed against the Commission. In *Transorient Navigators,* we endorsed the district court's holding that the negligence attributable to the compulsory pilot at the helm of the vessel at the time of the collision was properly imputed to the vessel. *Transorient Navigators,* 788 F.2d at 291; *see also Avondale Ind. v. Intern. Marine Carriers,* 15 F.3d 489, 492-93 (5th Cir.1994). The lineage of this rule in American jurisprudence, often referred to as the "compulsory pilot defense," can be traced back to decisions such as *The* CHINA, 74 U.S. (7 Wall) 53, 64, 19 L.Ed. 67 (1868) and *Homer Ramsdell Transp. Co. v. La Compagnie Generale Transatlantique,* 182 U.S. 406, 21 S.Ct. 831, 45 L.Ed. 1155 (1901). The rule may be generally stated as being that the vessel itself is liable *in rem* for a maritime collision caused by the fault of its compulsory pilot; if the pilot alone was at fault, the shipowner will not be liable *in personam;* however, if the negligence of the master or crew contributed to the collision, then in addition to the vessel's liability *in rem* the shipowner also will face *in personam* liability.[5]

Here, the collision was *solely* attributable to the two vessels involved, the PROBO BARO and the ISLA SANTAY, and as between them the PROBO BARO was 30%, not 10%, at fault. Given that the 20% of the fault apportioned to the Commission is properly imputable to the PROBO

---

[5]*See Jure v. United Fruit Co.,* 6 F.2d 6, 7 (5th Cir.1925); *see generally 2 Benedict on Admiralty* § 46 (7th ed. rev. 1995); David J. Bederman, *Compulsory Pilotage, Public Policy, and the Early Private International Law of Torts,* 64 Tul.L.Rev. 1033, 1041 (1990); Dana M. Shelton, Note, *The Fifth Circuit Contracts the Compulsory Pilot Defense and Expands the Vessel Master's Duty to Monitor Compulsory Pilots: Avondale Industries v. International Marine Carriers,* 19 Tul.Mar.L.J. 485 (1995).

BARO, the SANTAY interests ought not in equity be held accountable for interest on that portion of the damages apportioned to the Commission.[6] *See Reeled Tubing,* 794 F.2d at 1026 (peculiar circumstances may be found "where some equitable doctrine cautions against the award"); *Pickle v. International Oilfield Divers, Inc.,* 791 F.2d 1237, 1241 (5th Cir.1986) (same), *cert. denied,* 479 U.S. 1059, 107 S.Ct. 939, 93 L.Ed.2d 989 (1987).

### Conclusion

To summarize, because the court below acted upon an improper theory of law in relying on the existence of a good faith dispute over liability in a mutual fault setting as one of its grounds for denying prejudgment interest prior to the date of judicial demand, we must reverse the judgment and remand the cause for reconsideration in light of the Supreme Court's decision in *City of Milwaukee.* In addition, we have determined that no prejudgment interest on the portion of damages attributable to the Commission ought in equity to be borne by the SANTAY interests. Therefore, the equitable concerns relating to the SANTAY interests' liability for the Commission's portion of the interest which the magistrate judge cited in support of the decision to deny prejudgment interest from the date of the collision to the date of judicial demand are no longer present. Upon remand, undue delay on the part of the BARO interests will be the only remaining factor cited in the original judgment for denying prejudgment interest from the date of the collision to the date of judicial demand. Accordingly, while we express no opinion on the resolution of that question, the court below should conduct a thorough review of the record upon remand to determine whether there is sufficient evidence of undue delay chargeable to the BARO interests to support the denial of prejudgment interest from the date of the collision on that ground.[7] However, in no event shall any prejudgment

---

[6]The Commission was not at fault other than by virtue of the fault of its pilot while piloting the PROBO BARO. The collision was solely attributable to the two vessels involved.

[7]We affirm the magistrate judge's rejection of the claim that the SANTAY interests are contractually bound, by certain matters transpiring during settlement discussions, to pay prejudgment interest.

We note that the magistrate judge's determination to deny prejudgment interest prior to judicial demand did not rest to any extent on a determination that—nor have the

interest be awarded against the SANTAY interests in respect to the portion of principal damages assessed against the Commission.

For the foregoing reasons, the judgment of the magistrate judge is

REVERSED AND REMANDED.

<hr />

SANTAY interests asserted here or below that—the requirement for administrative exhaustion before the Commission (as distinguished from the BARO interests' assertedly undue delay in instituting and prosecuting such administrative proceedings) was *per se* a "peculiar" or "exceptional" circumstance justifying the denial or limitation of prejudgment interest. We hence do not address that.