Daryl HENRY,

v.

CANDY FLEET CORP., et al.

Nos. Civ.A. 98–1747.

United States District Court,
E.D. Louisiana.

April 11, 2001.

---

Joseph Brandeis Stahl, New Orleans, LA, for plaintiff.

Daniel Edward Knowles, III, Brien Joseph Fricke, Burke & Mayer, New Orleans, LA, for defendants.

PORTEOUS, District Judge.

Before this Court is a Motion to Amend Judgment filed on behalf of the Plaintiff, Daryl Henry. This cause came for hearing on March 28, 2001, without oral argument. Having studied the legal memoranda and exhibits submitted by the parties, the record, and the applicable law, the Court is fully advised on the premises and ready to rule.

### ORDER AND REASONS

### I. BACKGROUND

The above-captioned matter was tried by this Court from November 29, 1999 to December 1, 1999. On February 12, 2001, this Court issued written Findings of Fact and Conclusions of Law, as well as a Judgment in favor of the Plaintiff, Daryl Henry, and against the Defendants, Candy Fleet Corporation and Chevron USA Inc. The Plaintiff filed the instant Motion to Amend Judgment, seeking five amendments to the Court's judgment of February 12, 2001.

Specifically, the Plaintiff seeks the following amendments: (1) that this Court cast the Defendant, Security Insurance Company of Hartford ("Hartford"), as liable to the Plaintiff on all final awards; (2) that this Court award admiralty pre-judgment interest from June 5, 1997 to February 12, 2001; (3) that this Court increase the Plaintiff's award of pain and suffering to $250,000; (4) that this court award non-admiralty cure past and future medical costs; and (5) that this Court cancel its finding that the Plaintiff caused nine percent (9%) of his total damages. *See* Plaintiff's Motion to Amend Judgment, Doc. 58. The Defendants oppose all of the Plaintiff's proposed amendments, except the proposed amendment seeking to cast Hartford as a judgment debtor to the Plaintiff.

### II. LAW AND ANALYSIS:

#### A. The Law on Motions to Amend Judgments:

The Federal Rules of Civil Procedure provide that any party may file a motion to alter or amend a judgment within ten business days after its entry. *See* FED. R. CIV. P. 59. Under Rule 59, a district court enjoys considerable discretion in granting or denying such a motion. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990); *First Commonwealth Corp. v. Hibernia Nat. Bank of New Orleans*, 891 F.Supp. 290 (E.D.La.1995), *amended* 896 F.Supp. 634, *affirmed* 85 F.3d 622. There are certain grounds upon which a Court may grant a Rule 59 motion to alter or amend a judgment. These grounds include the following: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available becomes available; or (3) it is necessary to correct clear error of law or to prevent manifest injustice. *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.* 825 F.Supp. 1216 (D.N.J.1993). It is important to note that amendment of a judgment is an "extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." *LaFargue v. Jeffer-*

*son Parish,* No. 98–3185, 2000 WL 174899, *1 (E.D.L.A. Feb. 11, 2000).

### 1. Judgment Against Security Insurance Co. of Hartford:

■ In the present case, the Plaintiff seeks to have the Judgment of February 12, 2001, amended by adding Hartford as a judgment debtor. As the Plaintiff correctly points out, while this Court confirmed in its Findings of Facts that Hartford was indeed the insurer of Candy Fleet and Chevron on the risk at issue in this case, it failed to explicitly cast judgment in favor of the Plaintiff against Hartford in the Judgment of February 12, 2001. Therefore, this Court finds it necessary to amend the Judgment by adding language casting judgment in favor of Henry and against Hartford as insurer of Candy Fleet and Chevron. However, as stated in the Judgment of February 12, 2001, this Court "expresses no opinion regarding the amount of money [Hartford] may be contractually liable to contribute to the party or parties it insures." Judgment of February 12, 2001, Doc. 57.

### 2. Admiralty Pre–Judgment Interest:

In addition to seeking the entry of Judgment against Hartford, the Plaintiff argues that he is entitled to pre-judgment interest from the date of the injury to February 12, 2001, the date on which this Court rendered Judgment in the above-captioned matter. Henry claims that because he chose to proceed in admiralty under Federal Rule of Civil Procedure 9(h), he is entitled to pre-judgment interest absent "peculiar" or "exceptional" circumstances.[1] The Defendants oppose the award of such interest, arguing that the award of pre-judgment interest is not an absolute right. The Defendants contend that such an award "depends upon the circumstances of each case and rests very much in the discretion of the tribunal which has to pass upon the subject."[2] The Defendants argue that in the present case, "peculiar" circumstances exist that were not the fault of the Defendants such that pre-judgment interest should be denied. However, the De-

fendants aver that if this Court chooses to award pre-judgment interest, such interest should only be awarded on past damages.

■ It is a stated rule that if a seaman elects to proceed in admiralty rather than at law, he is entitled to prejudgment interest but must forego the right to a jury trial. *See Snyder v. Whittaker Corp.,* 839 F.2d 1085, 1094 (5th Cir.1988) (citations omitted). "The award of prejudgment interest in admiralty cases 'is the rule rather than the exception, and, in practice, is well-nigh automatic.'" *Couch v. Cro–Marine Transport, Inc.,* 44 F.3d 319, 327–28 (5th Cir.1995) (quoting *Reeled Tubing, Inc. v. M/V Chad G,* 794 F.2d 1026, 1028 (5th Cir.1986)). However, prejudgment interest may not be awarded with respect to future damages. *Id.* (citing *Boyle v. Pool Offshore Co., Div. of Enserch Corp.,* 893 F.2d 713, 719 (5th Cir.1990); *Pickle v. International Oilfield Divers, Inc.,* 791 F.2d 1237, 1241 (5th Cir.1986), *cert. denied,* 479 U.S. 1059, 107 S.Ct. 939, 93 L.Ed.2d 989 (1987)).

■ In the present case, the Plaintiff chose to proceed in admiralty under Rule 9(h) of the Federal Rules of Civil Procedure; therefore, absent "peculiar" or "exceptional" circumstances, the Plaintiff is entitled to prejudgment interest on that part of the award that does not compensate future losses. The Defendants argue that this Court should deny the Plaintiff's request for prejudgment interest because the lengthy delays that occurred between the Plaintiff's injuries and the entry of Judgment were not the fault of the Defendants. However, this Court finds that there are no peculiar or exceptional circumstances in the instant case to justify a denial of prejudgment interest. This Court concedes that in rendering its original Judgment in the above-captioned matter, it overlooked the issue of prejudgment interest. Accordingly, this Court finds that Judgment in this matter should be amended to award prejudgment interest to the Plaintiff at a rate of 8.241% from the date of injury to February 12, 2001, the date of Judgment, on

---

**1.** *See* Plaintiff's Memorandum in Support of Motion to Amend Judgment, page 2.

**2.** Defendants' Memorandum in Opposition to Plaintiff's Motion to Amend Judgment, page 2.

that portion of the award that is not compensation for future losses.

### 3. *Additur, Non–Admiralty–Cure Past and Future Medical Costs, and Apportionment of Fault to the Plaintiff:*

■ Finally, the Plaintiff argues that this Court should amend the Judgment of February 12, 2001, in three additional respects. First, Henry argues that this Court should enter additur in the amount of $195,000 to the Plaintiff's pain and suffering award; second, the Plaintiff argues that this Court should amend the Judgment by adding non-admiralty cure past and future medical costs to the award of damages; and, third, the Plaintiff argues that this Court should cancel the Finding of Fact that Henry caused nine percent (9%) of his total damages.

As stated above, a motion to Amend Judgment is an "extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." *LaFargue v. Jefferson Parish,* No. 98–3185, 2000 WL 174899, *1 (E.D.L.A. Feb. 11, 2000). After careful consideration of the Plaintiff's arguments with regard to additur, non-admiralty cure past and future medical costs, and the Plaintiff's allocated percentage of fault, this Court finds that none of the Plaintiff's arguments falls within any of the circumstances set forth above that justify amending the Judgment. The Plaintiff has failed to show any changes in the factual circumstances or controlling law to support the notion that this Court's Findings of Fact of February 12, 2001, were erroneous. Furthermore, the Plaintiff has failed to prove that this Court's Conclusions of Law of February 12, 2001, contained a clear error of law warranting amendment with respect to the three issues at hand. Finally, the Plaintiff has failed to show that a failure to amend the Findings of Fact, Conclusions of Law, and Judgment of February 12, 2001, would work an injustice upon the parties. Accordingly, the Plaintiff's Motion to Amend Judgment, insofar as it seeks to additur to the pain and suffering award, an award of non-admiralty-cure past and future medical costs, and the cancellation of the Finding of Fact that the Plaintiff was nine percent (9%) at fault with respect to his total damages, is hereby denied.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Amend Judgment shall be granted in part and denied in part. First, this Court's Judgment shall be amended to include an award of prejudgment interest in favor of the Plaintiff at a rate of 8.241% from the date of injury to February 12, 2001, the date of Judgment, on that portion of the award that is not compensation for future losses. Second, this Court's Judgment shall be amended to include language expressly casting judgment in favor of the Plaintiff and against the Defendant, Security Insurance Company of Hartford. However, with respect to the Plaintiff's arguments seeking additur, non-admiralty cure past and future medical costs, and a cancellation of the finding that Henry caused nine percent (9%) of his total damages, this Court finds that none of the Plaintiff's arguments fall within any of the circumstances set forth above that justify amending the Judgment of February 12, 2001.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion to Amend Judgment be, and the same is hereby, **GRANTED IN PART** and **DENIED IN PART.**