IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-30308

OFFSHORE MARINE CONTRACTORS, INC.

Plaintiff-Appellee

v.

LABORDE MARINE CREWBOATS, LLC, and
HORIZON OFFSHORE CONTRACTORS, INC.

Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-cv-1088

Before GARWOOD, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Horizon Offshore Contractors, Inc. ("Horizon") chartered a liftboat from Offshore Marine Contractors, Inc. ("OMC") for use on a pipeline construction project; Laborde Marine Crewboats, LLC ("Laborde") brokered the charter. After Horizon refused to pay OMC's invoices in full, OMC sued Horizon and Laborde, asserting breach of contract and other claims. Laborde filed a cross-claim against Horizon and a counterclaim against OMC for unpaid brokerage fees.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Among other defenses, Horizon pleaded that OMC's claims were barred by an oral settlement agreement.

Following a bench trial, the district court entered judgment against Horizon in favor of OMC and against OMC in favor of Laborde. We review the district court's factual findings for clear error. Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985). Notwithstanding Horizon's arguments to the contrary, we hold that the district court did not clearly err in deciding, after considering conflicting evidence, that Horizon and OMC never reached an oral settlement agreement resolving OMC's claims. Nor did the district court clearly err in refusing to deduct certain damage repair charges from Horizon's liability. We therefore affirm the district court's judgment against Horizon.

As Laborde argues on appeal without opposition, however, the district court should have awarded Laborde prejudgment interest. Under maritime law, "[a] trial court has the discretion to deny prejudgment interest only where peculiar circumstances would make such an award inequitable." Reeled Tubing, Inc. v. M/V CHAD G, 794 F.2d 1026, 1028 (5th Cir. 1986). No such circumstances exist in this case. Accordingly, we reverse and remand for modification of the judgment in favor of Laborde to include prejudgment interest at a rate to be determined by the district court. See United States v. Cent. Gulf Lines, Inc., 974 F.2d 621, 630 (5th Cir. 1992) ("Setting the rate of interest on a judgment is within the broad discretion of the district court." (internal quotation marks and citation omitted)).

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.