# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2022

Lyle W. Cayce
Clerk

No. 21-30420
consolidated with
No. 21-30487

In re: In the Matter of the Complaint of American Petroleum Tankers X LLC, As the Owner of the M/T American Liberty, and Crowley Global Ship Management, Inc., As the Owner Pro Hac Vice of the M/T American Liberty, for Exoneration from or Limitation of Liability

American Petroleum Tankers X, L.L.C., As the Owner of the M/T American Liberty; Crowley Global Ship Management, Incorporated, As the Owner Pro Hac Vice of the M/T American Liberty,

*Petitioners—Appellants*,

*versus*

American River Transportation Company, L.L.C.; Archer Daniels Midland Company, doing business as ADM Grain Company; ADM International SARL; Lexington Insurance Company; XL Insurance America, Incorporated; Crum & Forster Specialty Insurance Company; Partner Reinsurance Europe SE; Endurance Assurance Corporation; Certain Underwriters at Lloyd's Syndicate 1183; Axis Reinsurance Company; Certain Underwriters at Lloyd's Syndicate 2987; Allied World Assurance Company, Limited; Clement Bell; Ryheme Knighton; Robert Sayles; Port of South

LOUISIANA; ASSOCIATED MARINE EQUIPMENT, L.L.C.; ASSOCIATED TERMINALS, L.L.C.; SCOR REINSURANCE COMPANY; ASCOT UNDERWRITING LIMITED AND OTHER UNDERWRITERS; BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY; MARATHON PETROLEUM COMPANY, L.P.; AIG EUROPE, LIMITED; ALLIANZ GLOBAL CORPORATE ; SPECIALTY SE; ARGO INTERNATIONAL SYNDICATE 1200; AXIS SYNDICATE 2007; BARBICAN SYNDICATE 1955; CHAUCER SYNDICATE 1084; LIBERTY SYNDICATE 4472; MARKEL SYNDICATE 3000; MS AMLIN SYNDICATE 2001; SKULD SYNDICATE 1897; TOKIO MARINE HOUSTON CASUALTY COMPANY; THROUGH TRANSPORT MUTUAL INSURANCE ASSOCIATION, LIMITED,

*Claimants—Appellees*,

BRANDON WOODFORD,

*Third Party Defendant—Appellee.*

---

Appeal from the United States District Court
For the Eastern District of Louisiana
No. 2:19-CV-10525
No. 2:19-CV-10925

---

Before RICHMAN, *Chief Judge*, and COSTA and HO, *Circuit Judges*.
PER CURIAM:*

On the evening of May 16, 2019, the fully laden product tanker AMERICAN LIBERTY ("Vessel") left harbor in Garyville, Louisiana on the Lower Mississippi River. In the fast current, the bridge team lost control

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30420
c/w No. 21-30487

of the Vessel, resulting in an accident that injured four people and damaged moored vessels, barges, and wharfs.

In the district court proceedings, the owner of the Vessel, American Petroleum Tankers X, L.L.C. ("APTX"), sought to be exonerated of liability. The operator of the Vessel, Crowley Global Ship Management, Inc. ("Crowley"), sought to limit its potential liability to the value of the Vessel. The district court held a bench trial pursuant to the Limitation of Liability Act and entered an injunction staying any related litigation against Crowley and APTX (the "Vessel Interests") until the end of the limitation of liability proceedings. *See* 46 U.S.C. § 30501. The district court ultimately concluded that the Vessel Interests were not entitled to limit their liability, and it lifted the injunction staying litigation.

The Vessel Interests appealed the denial of limited liability in Case No. 21-30420. Additionally, in a separate appeal, Case No. 21-30487, the Vessel Interests argue that the district court's injunction should remain in place until the conclusion of their appeal of the denial of limited liability. We consolidate these appeals.

This court "reviews the grant or denial of limited liability for clear error." *In re Omega Protein, Inc.*, 548 F.3d 361, 368 (5th Cir. 2008). The Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, allows a defendant in a maritime accident to petition for exoneration from liability. Alternatively, a defendant could petition to limit its liability to the value of the vessel, plus any pending freight, if it had no privity to or knowledge of any unseaworthy condition or negligent act that was a proximate cause of the accident. *In re Omega Protein,* 548 F.3d at 371. The district court found that negligence of the master and crew caused the accident, and therefore that APTX was not entitled to exoneration from liability. *See Probo II London v. Isla Santay MV*, 92 F.3d 361, 365 (5th Cir. 1996) ("[I]f the negligence of the master or crew

3

No. 21-30420
c/w No. 21-30487

contributed to the collision . . . the shipowner also will face *in personam* liability"). Additionally, the district court found that Crowley and APTX are not entitled to limited liability because they had privity to and knowledge of the negligence.

We find no clear error in the district court's well-reasoned opinion and affirm its denial of limited liability. Our decision renders the appeal in 21-30487 moot.